UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
BORIS KUCHER, ALME MANAGEMENT,
INC., and BMK CONSULTING,

        Plaintiffs,                               05CV3733(SJ)(JMA)

    v.                                        <u>MEMORANDUM
AND ORDER</u>

ALTERNATIVE TREATMENT CENTER OF
PATERSON, LLC, ALTERNATIVE
TREATMENT CENTER OF NEWARK, LLC,
BUSINESS SUPPORT SOLUTIONS, BASIC
FOUNDATION, NATAN POLISHUK,
EFREM MILNER, NIKOLAY KOMIN,
ALEKSANDR AIZEN, WALTER SHECTER,
and BARGAIN ISLAND CHECK CASHING,

        Defendants.
----------------------------------------------------------X

A P P E A R A N C E S

LIFSHUTZ & LIFSHUTZ, PC
675 Third Avenue, 24th Floor
New York, NY 10017
By:    Marvin Lifshutz, Esq.
         Bruce S. Rosenberg, Esq.
Attorneys for Plaintiffs

JOHNSON, Senior District Judge:

      Presently before the Court is a Report and Recommendation issued by

Magistrate Judge Joan M. Azrack on March 27, 2009 ("Report") regarding

1

plaintiffs Boris Kucher, Alme Mangagement, Inc., and BMK Consulting's ("Plaintiffs") motion for default judgment ("Motion").

Plaintiffs brought this action alleging that the defendants violated 18 U.S.C. §§ 1962(c) and (d), as well as common law prohibitions on fraud and unjust enrichment. The facts and procedural history of this case are well described in the Report and thus are only briefly summarized here.

The original complaint in this case was filed on August 5, 2005 and served on all of the defendants between August and November 2005. Following the defendants' failure to answer or otherwise appear, Plaintiffs first moved for default on March 15, 2006. Before the Court ruled on this first motion for default, Plaintiffs filed an amended complaint on May 29, 2007 ("Amended Complaint"), accompanied by the Motion, a second motion for default based on the Amended Complaint.[1] The Motion was referred to Judge Azrack for a report and recommendation.

A district court judge may designate a magistrate judge to hear and determine certain motions pending before the Court and to submit to the Court proposed findings of fact and a recommendation as to the disposition of the motion. See 28 U.S.C. § 636(b)(1). Within 10 days of service of the recommendation, any party may file written objections to the magistrate's report.

---

[1] Thereafter, one of the defendants, Efrem Milner, appeared in the action and was ultimately dismissed from the case after the Court granted his motion for summary judgment on November 7, 2008. In addition, defendant Nikolay Komin was dismissed from the action on August 29, 2006 and Plaintiffs withdrew their claims against defendant Natan Polishuk following his death in January 2007.

2

See id. The Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. See Thomas v. Arn, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections waives the right to appeal the magistrate's decision. See 28 U.S.C. § 636(b)(1); Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989). In the case at bar, no objections to the Report were filed.

The Report finds that Plaintiffs failed to serve the Amended Complaint. (Report, 6.) As a result, the Report recommends that the Court deny the Motion because, without such service, defendants were under no obligation to file an answer and the Court has no authority to grant a default judgment. (See Report, 7.) The Report further recommends that the Court dismiss the Amended Complaint sua sponte pursuant to Rule 4(m) of the Federal Rules of Civil Procedure for failure to serve within 120 days of the filing of the Amended Complaint. (Report, 10.)

Plaintiffs did not object to the Report, have not otherwise argued that good cause exists for their failure to serve the Amended Complaint in the nearly two years that have passed since it was filed, and have not requested an extension of time to complete such service. See Fed. R. Civ. P. 4(m).

Upon review of the recommendations and for the foregoing reasons, the Court adopts the Report in its entirety. The Motion for default judgment is

DENIED and the Amended Complaint is DISMISSED WITHOUT PREJUDICE.

The Clerk of Court is directed to close this case.

SO ORDERED.

Dated: April _20_, 2009              _____/s/_____
       Brooklyn, NY                    Senior United States District Judge